The Full Commission has reviewed the prior Opinion and Award based on the record of the proceedings before Deputy Commissioner Lorrie Dollar and the briefs and oral arguments on appeal. The appealing party has not shown good ground to reconsider the evidence, receive further evidence or to amend the holding of the prior Opinion and Award. However, the Full Commission has modified the findings of fact relating to the cause of plaintiff's fall at work.
************
EVIDENTIARY RULING
Following the hearing, the deposition of Hersey E. Miller, M. D. was received into evidence. The objections raised therein are ruled upon in accordance with the law and this Opinion and Award.
************
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in a Pre-Trial Agreement and at the hearing on 14 August 1996 as:
STIPULATIONS
1. The Industrial Commission has jurisdiction over the subject matter of this case, the parties are properly before the Commission, and the parties were subject to and bound by the provision of the North Carolina Workers' Compensation Act at all relevant times.
2. Defendant was a duly qualified self-insured, with Crawford and Company as the servicing agent.
3. An employee-employer relationship existed between the parties at all relevant times.
4. Plaintiff sustained a compound fracture to his left wrist on 29 December 1994.
5. Plaintiff's average weekly wage was $342.51, which yields a compensation rate of $228.34 per week.
6. The issue for determination is whether plaintiff sustained an injury by accident arising out of and in the course of his employment on 29 December 1994, and if so, to what benefits may he be entitled under the Act.
7. The parties stipulated thirty-nine pages of medical reports into the record, as well as a two-page Report of Accident, which was marked as Defendant's Exhibit 1.
8. The parties further stipulated that plaintiff was out of work from 29 December 1994 through 4 December 1995 as a result of the left wrist injury.
***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. At the time of the hearing before Deputy Commissioner Dollar, plaintiff was a thirty year old high school graduate, who had been employed with defendant since 14 November 1989 as a forklift driver.
2. On 29 December 1994, plaintiff reported to work at 6:00 a.m. and had breakfast at the plant canteen. Plaintiff then walked to the warehouse area to check the packing line to make sure that they had the materials to do the packing. Next, plaintiff returned from the warehouse to the packing line, walking down an inclined surface which the forklifts used to move goods between areas at the plant. The inclined surface was approximately 15 to 20 feet wide and approximately 30 feet in length, being sloped the down the entire incline.
3. As plaintiff was walking down the incline when he fell backward and injured his left wrist. When he got up, plaintiff observed that his left hand was swollen. He went to Jimmie Cagle, his supervisor, to report the injury.
4. The Full Commission finds the testimony of plaintiff on the issue of whether or not the surface in question was inclined to be more credible than testimony provided by witnesses for defendant.
5. After the injury, plaintiff was sent to Dr. Brian Blackburn, who transferred him to Dr. Scott Sherrill of Lake Norman Orthopedic and Sports Medicine. Dr. Sherrill diagnosed plaintiff with a significantly displaced, commuted intra-articular fracture of the left distal radius. External fixation and arthroscopic-assisted fixation surgeries were performed.
6. Dr. Sherrill referred plaintiff to Dr. Paul Perlik of Charlotte Orthopedic Specialists. On 29 August 1995 Dr. Perlik performed left wrist arthrodesis and distal left ulna excision on 29 August 1995.
7. Dr. Perlik released plaintiff to return to work on 4 December 1995.
8. On 24 January 1996, Dr. Perlik found plaintiff had reached maximum medical improvement and rated him as retaining a thirty-five percent (35%) permanent partial impairment to the left hand.
9. Defendant referred plaintiff to Dr. Hersey Miller of Iredell Head, Neck and Ear Surgeons on 10 January 1995, regarding the possible cause of plaintiff's fall. Dr. Miller opined that plaintiff did not have an inner ear problem and referred him to a neurologist for a specific diagnosis. However, no specific diagnosis was ever rendered.
10. When plaintiff returned to work for defendant on or about 5 December 1995, he returned at the same or greater wages that the pre-injury wage.
11. Defendant's assertion that plaintiff's fall may have been caused by some sort of idiopathic physical condition is not supported by the evidence of record and is found not to be credible by the Full Commission.
12. The incident on 29 December 1994 in which plaintiff fell while on an inclined surface was an unlooked for or untoward event for which there is no known cause. Further, this incident was an interruption of plaintiff's normal work routine.
13. On 29 December 1994 plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer when he fell on an inclined surface.
***********
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff sustained an injury by accident arising out of and in the course of the employment on 29 December 1994 when he fell on an inclined surface at work and fractured his left wrist. N.C. Gen. Stat. § 97-2(6).
2. As a result of his compensable injury, plaintiff is entitled to be paid by defendant temporary total disability compensation at the rate of $228.34 per week for the period from 29 December 1994 through December 4, 1995. N.C. Gen. Stat. § 97-29.
3. As the result of his compensable injury, plaintiff is entitled to be paid by defendant permanent partial disability compensation at the rate of $228.34 per week for 70 weeks for the thirty-five percent (35%) rating to his hand. N.C. Gen. Stat. § 97-31(12).
4. As the result of his compensable injury, plaintiff is entitled to have the defendant pay for medical expenses incurred as a result of the compensable injury.
N.C. Gen. Stat. § 97-25; N.C. Gen. Stat. § 25.1.
***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Subject to a reasonable attorney's fee herein approved, defendant shall pay temporary total disability compensation to plaintiff at the rate of $228.34 per week for the period from 29 December 1994 through 4 December 1995. Said compensation has accrued and shall be paid in a lump sum.
2. Subject to a reasonable attorney's fee herein approved, defendant shall pay permanent partial disability compensation to plaintiff at the rate of $228.34 per week for 70 weeks. Said compensation has accrued and shall be paid in a lump sum.
3. A reasonable attorney's fee of twenty-five percent of the compensation awarded to plaintiff in paragraphs 1 and 2 above is hereby approved to be deducted from sums due plaintiff and paid directly to counsel.
4. Defendant shall pay all medical expenses incurred as the result of plaintiff's compensable injury.
5. Defendant shall pay the costs.
 S/ _____________________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
S/ __________________ THOMAS J. BOLCH COMMISSIONER
S/ __________________ DIANNE C. SELLERS COMMISSIONER